T.C. Summary Opinion 2003-35

UNITED STATES TAX COURT

FEDNER FRANCOIS TOVAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7040-01S.                    Filed April 7, 2003.

Fedner Francois Tovar, pro se.

<u>Marshall R. Jones</u>, for respondent.


LARO, <u>Judge</u>:  This case was heard pursuant to section 7463.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Petitioner petitioned the Court to redetermine respondent's
determination of a $2,422 deficiency in petitioner's 1999 Federal

---

[1] Section references are to the applicable versions of the
Internal Revenue Code.  Rule references are to the Tax Court
Rules of Practice and Procedure.

income tax. The issues for decision are whether petitioner is entitled to (1) a dependency exemption deduction for his daughter, Samantha, (2) head of household filing status, and (3) the earned income credit. We decide the first issue in the affirmative. We decide the remaining two issues in the negative.

## Background

Some facts have been stipulated. The parties' stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioner resided in Alabama when his petition was filed.

Petitioner filed electronically a 1999 Federal income tax return, using the filing status of "Head of Household". The return was prepared by a representative from VITA, the Volunteer Income Tax Assistance program. On that return, petitioner reported total income of $16,274 and claimed a dependency exemption deduction for his youngest daughter, Samantha, who was born on October 22, 1980. Petitioner also claimed on his 1999 return that he was entitled to an earned income credit.

Petitioner and his former wife, Jeanine, were divorced in October 1990. Approximately 15 months earlier, they had executed and signed a notarized agreement entitled "Memorandum of Property and Support Agreement After Separation". In relevant part, the agreement provided:

> 8. The Husband shall pay to the Wife, for maintenance and support of the parties' children,

Winfred Scilla Tovar and Samantha C. Tovar, the sum of three hundred twenty-five ($325.00) per month per child, for a total of six hundred fifty dollars ($650.00) per month, beginning on June 1, 1989, and continuing on the 5th day of each month thereafter, provided that when one of said children reaches the age of 18 years, marries, dies, or otherwise is emancipated from parental control, the payment for that child shall cease thereafter.

9. Provided that no arrearage in the payment of child support exists, the Husband shall be entitled to claim the child, Samantha C. Tovar, as his dependent for tax purposes in any year in which separate tax returns are filed, and the Wife, as the custodial parent, expressly waives the right to claim that child as her dependent for tax purposes in any year in which separate tax returns are filed.

Petitioner gave a copy of this agreement to the VITA representative to include with petitioner's 1999 return. The agreement was not included with that return as electronically filed. Petitioner had included that agreement with each previous Federal income tax return which he had filed since 1990. Shortly after filing his 1999 return, petitioner mailed respondent two copies of the agreement to be considered in connection with that return.

Respondent determined (and reflected in a notice of deficiency issued to petitioner) that petitioner was not entitled to claim Samantha as his dependent. Accordingly, respondent determined, petitioner's correct filing status was single, and he was not entitled to an earned income credit. The notice of deficiency states as to respondent's determination:

ACCORDING TO THE DOCUMENT YOU SENT US [the agreement],
YOU COULD CLAIM YOUR CHILD SAMANTHA AS A DEPENDENT
UNTIL SHE WAS 18 YEARS OLD.  SINCE SHE IS 20 NOW, * * *
WE CAN'T ALLOW YOU HER DEPENDENT EXEMPTION.

During the relevant year, Samantha was a full-time student at the University of Miami, where she lived on campus.  When not living at school, Samantha lived with her mother.  Samantha never lived with petitioner during 1999.

## Discussion

### 1.  Dependency Exemption Deduction for Samantha

Respondent determined that the agreement allowed petitioner to claim Samantha as his dependent only until her 18th birthday. Respondent abandoned this determination on brief.  Respondent's sole argument on brief is that petitioner may not claim Samantha as a dependent because petitioner did not attach a copy of the agreement to his 1999 return.

We reject respondent's argument.  Although petitioner's 1999 return as electronically filed may not have included a copy of the agreement, respondent received the agreement shortly thereafter and in fact considered that agreement to be part of petitioner's return.  In fact, respondent even relied upon the agreement in arriving at the determination set forth in the notice of deficiency.  We reverse respondent's determination as to this issue.

## 2. Filing Status

Respondent determined that petitioner was not entitled to use the head of household filing status because the home he maintained was not the principal place of abode of a qualifying person for more than one-half of the taxable year. For this purpose, a qualifying person includes a daughter such as Samantha. See sec. 2(b)(1)(A)(i). Samantha's principal place of abode for more than one-half of 1999, however, would have to have been in petitioner's home for him to have qualified as a "head of household". See sec. 2(b)(1)(A)(ii). Because petitioner did not meet this requirement, i.e., Samantha never lived in petitioner's home during 1999, we sustain respondent's determination as to this issue.

## 3. Earned Income Credit

Respondent determined that petitioner did not qualify for the earned income credit for want of a qualifying child. Under section 32, an eligible individual is allowed a credit which is calculated as a percentage of his or her earned income, subject to certain limitations. Sec. 32(a)(1). An individual with a qualifying child is an eligible individual. Sec. 32(c)(1). For this purpose, a qualifying child includes a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A). Because petitioner did not meet this requirement, i.e., Samantha never

lived in petitioner's home during 1999, we sustain respondent's determination as to this issue.

Decision will be entered

under Rule 155.